IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AHLAM TRMANINI, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00044-JKP |
| vs. | § § § | |
| ROSS STORES, INC.,  ROSS DRESS FOR LESS #1771, | § § § § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion to Compel Complete Initial Disclosures, Produce Documents, and Set a Status Conference to Prepare a Discovery Protocol [#41]. The Court held a hearing on the motion on December 14, 2021, at which counsel for all parties appeared via videoconference. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

This case arises out of personal injuries Plaintiff sustained during her employment with Defendants. Plaintiff's live pleading alleges that she tripped and fell over a purse stand negligently placed in a store walkway by a fellow employee. (First Am. Compl. [#19], at ¶ 16.) Plaintiff asserts various theories of negligence against her employer and seeks to recover damages for her injuries.

Defendants have moved to compel arbitration and dismiss this case on the basis of a mandatory arbitration policy that governs all workplace injuries. Defendants claim that Plaintiff electronically signed an Acknowledgement Form regarding the arbitration policy on October 8, 2018, after she reviewed a narrated video referencing the policy as part of her online training during her onboarding as a new employee. In response, Plaintiff denies ever receiving or signing

1

the agreement and claims, if she did receive it, she did not understand the policy because she is a native Arabic speaker and cannot read or write in English. According to Plaintiff's response to the motion to compel arbitration, her supervisor Maria Urbina instructed her to scroll quickly through the training session and click all the required boxes with the mouse, such that Plaintiff did not assent to the arbitration policy and there is no binding contract to arbitrate. Defendants' motion to compel arbitration is set for a live evidentiary hearing on January 26, 2022.

Plaintiff has moved to compel the production of certain electronic storage information ("ESI") related to the training as part of her defense to the motion to compel arbitration. It is undisputed that Defendants provided Plaintiff with 799 pages of PDF documents and several JPG files of the training modules at issue in discovery. Plaintiff claims she is also entitled to the documents in their native format with any associated metadata to determine when Plaintiff provided any electronic signature, the length of time it took her to complete her onboarding, and whether the files were subsequently modified or completed at a later time, even after the date of injury. Plaintiff believes this evidence to be crucial to her position that there is no valid and enforceable arbitration agreement.

In an attempt to obtain this ESI, Plaintiff served Defendants with her First Requests for Production, which included 14 requests. Although Plaintiff has not identified the specific requests she wishes the Court to enforce, she clarified at the hearing that the ESI she seeks is the native format and associated metadata for all of the training modules Plaintiff was required to complete for her onboarding as an employee.

Rule 34 of the Federal Rules of Civil Procedure governs the production of ESI. Fed. R. Civ. P. 34(b)(2)(E). The Rule provides that "[u]nless otherwise stipulated or ordered by the court, . . . [a] party must produce documents as they are kept in the usual course of business,"

i.e., their native format. *Id.* However, a party need not provide discovery of ESI if the party can show that "the information is not reasonably accessible because of undue burden or cost." *Id.* at 26(b)(2)(E). Defendants argue that they are not required to comply with their obligation to provide the onboarding training module in its native format with associated metadata because the parties agreed in their Joint Discovery Plan that all ESI would be provided in PDF format. (Joint Discovery Plan [#45-3], at 4.) The Court rejects this argument and finds that the Joint Discovery Plan, though providing a method for initial production, did not result in the waiver of any later request by either party for ESI associated with electronic documents when the requesting party can articulate the potential relevance of the requested ESI.

Having considered the parties' arguments regarding relevance, proportionality, and the burdens associated with the requested production, the Court declines to compel Defendants to provide Plaintiff with the ESI for *all* of the training modules completed by Plaintiff, as Plaintiff was unable at the hearing to explain why the ESI for any of the modules except for the one pertaining to the arbitration policy are relevant to the issues before the Court and the motion to compel arbitration. The Court will, however, order Defendants to produce the native format and associated metadata for the actual module pertaining to the arbitration policy, upon which Defendants base their motion to compel arbitration or to explain in sworn testimony why the metadata and/or native-format versions of the module do not exist. The Court also declines to compel Defendants to supplement their responses to all of the requests for production at issue. The Court finds that the requests were not sufficiently tailored to the relevant evidence, especially in light of Plaintiff's failure to pursue other discovery methods, such as a Rule 30(b)(6) deposition to obtain the desired information.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Compel Complete Initial Disclosures, Produce Documents, and Set a Status Conference to Prepare a Discovery Protocol [#41] is **GRANTED IN PART** as follows:

- Defendants are directed to produce the ESI associated with the training module from October 8, 2018, entitled "Introducing the Texas Work Injury Benefit Plan" on or before **January 12, 2022**. The produced ESI should include the module in its native file format and any associated metadata, reflecting such information as the time of log-in/log-out and signature.

- If the ESI does not exist, Defendants are directed to provide an affidavit to Plaintiff from an employee with knowledge of this fact, explaining why the ESI is no longer available on or before **January 12, 2022**. Plaintiff may then call that individual as a witness at the Court's hearing on the motion to compel arbitration.

- If Plaintiff desires to take a brief deposition tailored to the ESI issue of a representative of Defendants, the deposition shall be noticed and completed by **January 21, 2022**.

**IT IS FURTHER ORDERED** that in all other respects, the Motion [#41] is **DENIED**.

SIGNED this 15th day of December, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE