IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AHLAM TRMANINI, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00044-JKP |
| vs. | § § § | |
| ROSS STORES, INC.,  ROSS DRESS FOR LESS #1771, | § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendants' Motion to Transfer Venue [#70]. This case has been referred to the undersigned for all non-dispositive pretrial proceedings. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).[1] For the reasons set forth below, and after considering the response [#72] and reply to the motion [#74],[2] the Court will grant the motion and transfer this case to the Northern District of Texas, Dallas Division.

---

[1] Although the Fifth Circuit has not yet addressed the question, district courts in this Circuit have held that a transfer of venue is a non-dispositive decision. *See Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 212-68, 2013 WL 12147661, at *1 (E.D. Tex. July 22, 2013); *LNV Corp. v. Branch Banking and Trust Co.*, No. 12-3803, 2013 WL 1694421, at *1 (N.D. Tex., April 18, 2013); *Smith v. Carl Zeiss SMT, Inc.*, No. 05-570, 2007 WL 686874, at *1 (S.D. Miss., March 05, 2007).

[2] Defendants filed a motion to strike Plaintiff's response [#73] as untimely, as Plaintiff waited 33 days to file the response to Defendants' motion. As Plaintiff is proceeding *pro se*, the Court has considered her response despite its late filing. The Court will therefore deny the motion to strike.

## I. Background

This case arose out of an alleged injury sustained by Plaintiff during her employment with Defendants. Plaintiff's Amended Complaint [#19] alleged that she tripped on a broken purse, which had been taken apart and negligently placed in the walkway by another employee, and sustained bodily injuries. Plaintiff asserted various theories of negligence against Defendants, seeking damages for her medical care and physical pain and suffering. Defendants moved to compel arbitration based on a mandatory arbitration policy. Plaintiff ultimately withdrew her opposition to arbitration, and this Court granted Defendants' motion and compelled the parties to proceed before an arbitrator on January 24, 2022. (Order [#60].) The District Court subsequently administratively closed this case. (Order [#63].)

Plaintiff filed a demand for arbitration on January 26, 2022. (Status Report [#62].) On February 14, 2023, approximately one year later, Plaintiff's attorneys moved to withdraw their representation, with Plaintiff's consent. (Status Report [#67].) The arbitrator granted the motion, and Plaintiff proceeded *pro se* for the remainder of the arbitration. On June 1, 2023, the arbitrator issued a summary judgment and final award in favor of Defendants, ordering all relief requested by Plaintiff be denied. The basis of the judgment was Plaintiff's failure to file a demand for arbitration within the two-year statute of limitations governing her negligence claims. (Summ. J. [#70-4].) Additionally, Plaintiff never filed a response to Defendants' motion for summary judgment. (*Id.*) The arbitrator found Plaintiff's claims to be time-barred. (*Id.*)

Defendants filed a final status report with the Court regarding the summary judgment on June 13, 2023. (Status Report [#68].) In response to the filing, Plaintiff, still proceeding *pro se*, filed a motion [#69], titled as follows: (a) Plaintiff's Motion to Reopen Plaintiff's Case and Nullify and Strike Summary Judgment and Final Award by Honorable Carlos G. Lopez

(Arbitrator), (b) Plaintiff's Motion for Additional Time to Find New Counsel to Represent Plaintiff and Her Case, and (c) Plaintiff's Motion to Compel Court to Strike Request for Relief from Plaintiff's Previous Counsel and to Appear Before this Court.

The Court construes this filing [#69] as a motion to vacate an arbitral award. Defendants then filed the motion to transfer venue [#70] currently before the Court. By their motion, Defendants argue Plaintiff's motion to vacate the arbitral award should be transferred to the Dallas Division under 28 U.S.C. § 1404(a) in accordance with a forum-selection clause contained in the underlying arbitration policy. The Court will administratively reopen this case for the limited purpose of resolving Defendants' motion to transfer venue and Defendants' motion to strike Plaintiff's response. In all other respects, this case remains administratively closed.

## II.  Legal Standard

Defendants' motion arises under the federal statute governing change of venue, 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Supreme Court has held that Section 1404(a) provides a mechanism for the enforcement of a valid and enforceable forum-selection clause that points to a particular federal district court. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

Courts faced with a motion to transfer venue based on a forum-selection clause must therefore first address the threshold inquiry of whether the forum-selection clause is part of a valid contract and whether the dispute falls within the scope of that contract. *Fintech Fund,*

3

*F.L.P. v. Horne*, 836 Fed. App'x 215, 222 (5th Cir. 2020) (citing *Atl. Marine*, 571 U.S. at 62 n.5). In a diversity case, "federal law governs the *enforceability* of a forum selection clause, but the forum state's choice of law rules control what law governs the *interpretation* of the clause." *Wellogix, Inc. v. SAP Am., Inc.*, 648 Fed. App'x 398, 401 (5th Cir. 2016) (emphasis in original).

Under federal law, forum-selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Four factors determine whether a forum-selection clause may be considered unreasonable: (1) the incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997). The party resisting the forum-selection clause's enforcement on these grounds bears a "heavy burden of proof." *M/S Bremen*, 407 U.S. at 17.

Once the forum-selection has found to be valid, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine*, 571 U.S. at 59–60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of

4

parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62–63 (quoting 28 U.S.C. § 1404(a)).  Where the parties' contract contains a valid forum-selection clause, however, "[t]he calculus changes."  *Id.* at 63.  In such circumstances, no weight is given to the plaintiff's choice of forum or arguments regarding the parties' private interests.  *Id.* at 63–64.  This is because, by contractually selecting the forum, the plaintiff exercises her "venue privilege" before the dispute arises, and the parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  *Id.* at 63–64.  As a consequence, a district court may consider arguments about public-interest factors only.  *Id.* at 64.

The public interest factors evaluated under 28 U.S.C. § 1404(a) include (a) the administrative difficulties flowing from court congestion, (b) the local interest in having localized interests decided at home, (c) the familiarity of the forum with the law that will govern the case, and (d) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  The party acting in violation of the forum-selection clause bears the burden of showing that the public-interest factors "overwhelmingly disfavor a transfer."  *Atl. Marine*, 571 U.S. at 67.  In summary, courts should transfer the case to the forum specified when the parties have agreed to a valid forum selection clause "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."  *Id.* at 52.

### III.  Analysis

Defendants ask the Court to enforce the parties' contractual forum-selection clause and transfer Plaintiff's motion to vacate the arbitral award to the Dallas Division of the Northern District of Texas.  Defendants assert that the forum-selection clause at issue is valid and

5

enforceable because (a) Plaintiff agreed to the arbitration requirements containing the forum-selection clause, (b) the forum-selection clause is not unreasonable based on the four factors identified by the Fifth Circuit Court of Appeals, and (c) the scope of the forum-selection clause encompasses Plaintiff's request to vacate the arbitral award.  Defendants further argue there are no extraordinary circumstances unrelated to the convenience of the parties that warrant denial of transfer, and the public interest factors considered in determining 28 U.S.C. § 1404(a) motions to transfer venue based on forum selection clause weigh in favor of transfer.  This Court agrees and will grant the motion.

A. **A valid and enforceable forum-selection clause governs Plaintiff's request to vacate the arbitral award.**

The forum-selection clause at issue is contained in the Ross Dress for Less, Inc. Texas Injury Benefit Plan ("Plan") and also stated in the Ross Dress for Less, Inc. Texas Injury Benefit Plan Summary Description ("SPD").  (Plan [#70-2], at 8; SPD [#70-3], at 9.)  The clause states that "any lawsuits seeking to enforce or vacate an arbitration award shall be brought in the United States District Court for the Northern District of Texas, Dallas Division."  (Plan [#702-], at 8; SPD [#70-3], at 9.)  The record before the Court establishes that Plaintiff assented to the arbitration provisions in the Plan and SPD, including the forum-selection clause.

Employees for Ross Dress for Less are required to undergo online training on the Plan, SPD, and mandatory arbitration policy by viewing and listening to a narrated video and PowerPoint presentation entitled, "Introducing the Texas Work Injury Benefit Plan."  (Williams Aff. [#70-6], at ¶ 13.)  In order to complete the training, employees are required to follow the directions in the training program and respond affirmatively to prompts and instructions that appear on the computer screen during the presentation and that are also given orally by the narrator of the presentation.  (*Id.*)  To complete the training, Plaintiff was required to read a

6

Receipt, Safety Pledge and Arbitration Acknowledgement contained in the Associate training presentation and to electronically sign an Acknowledgement Form by typing "yes" in a box that appeared on the computer screen below the Acknowledgement Form. (*Id.* at ¶ 15; Screen Shot of Acknowledgement [#70-6], at 83.) Plaintiff completed the training on October 8, 2018, and reviewed and signed the Acknowledgement Form regarding the SPD and arbitration. (Williams Aff. [#70-6], at ¶¶ 14–15; Plaintiff Training Completion Status [#70-6], at 78–82; Pl. Dep. [#70-7], at 82:9–14; 89:18–90:1.) After Plaintiff was notified of Defendants' arbitration requirements in October 2018, she continued her employment with Ross Dress For Less until February 2020. (Williams Aff., [#70-7], at ¶ 22.)

The Court finds a valid arbitration agreement exists. Plaintiff assented to the arbitration clause, including the forum-selection clause contained therein, at the outset of her employment. Plaintiff also agreed to the arbitration requirements and the clause by continuing her employment until 2020. *See also Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 203 (5th Cir. 2016) (employee agreed to arbitration provisions by continuing to work for employer after employer informed him of arbitration policy); *In re Halliburton Co.*, 80 S.W.3d 566, 568-69 (Tex. 2002) (orig. proceeding). Plaintiff is therefore bound by the forum-selection clause unless she can satisfy her "heavy burden" to show it to be unreasonable under the circumstances. *M/S Bremen*, 407 U.S. at 17.

Plaintiff does not argue that the forum-selection clause is not valid and enforceable in her response to Defendants' motion. Nor does she expressly address any of the four factors courts consider in evaluating unreasonableness: (1) whether the incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) whether the party opposing the selected forum will be deprived of her day in court because of the grave

7

inconvenience or unfairness of the selected forum; (3) whether the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) whether the enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth*, 121 F.3d at 963.

There is no evidence as to the first factor. For this factor to weigh in favor of invalidating the parties' designation of a specific forum, there must be evidence of fraud and overreaching specific to the formation of the forum-selection clause itself. *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 302 (5th Cir. 1998). In her response to Defendants' motion, Plaintiff does not make any arguments regarding contract formation, as to the arbitration clause generally or as to the forum-selection clause itself.

The second factor addresses the concern that honoring a forum-selection clause will deprive a party of her day in court. Plaintiff argues in her response that her severe medical issues do not allow her to go outside San Antonio and that this is an extraordinary circumstance unrelated to the convenience of the parties that warrants denial of the motion to transfer venue. Plaintiff couches this argument as part of the Section 1404(a) analysis, but the Court will consider it insofar as it pertains to the second factor regarding unreasonableness of enforcement of the clause. There is no indication that Plaintiff will be required to appear in Court personally in the Dallas Division to be able to pursue her narrow request that the arbitral award be vacated. This legal issue will most likely be determined based on the written submissions of the parties. If the Court does require a hearing of any kind, Plaintiff may request to appear via videoconference based on her medical limitations. Plaintiff has not demonstrated that she will lose her day in Court if the forum-selection clause is upheld. (Alternatively, even if in-person

hearings and presentations were required to resolve this case in Dallas, and this factor therefore cut in favor of Plaintiff, on balance, the factors still cut in favor of transfer.)

As to the third factor, the same law applies in the Dallas Division as the San Antonio Division.  Transferring venue will not affect the application of the law on Plaintiff's motion to vacate the arbitrator's summary judgment.  The fourth factor also does not weigh in favor of overriding the parties' contractually chosen forum.  There is no public policy of which the Court is aware that supports retaining Plaintiff's request to vacate the arbitral award in this forum.  As none of the factors related to unreasonableness weigh in Plaintiff's favor, the Court finds the forum-selection clause to be both valid and enforceable.

Finally, the Court also concludes that the forum-selection clause substantively encompasses the specific claim asserted by Plaintiff—the request to vacate an arbitral award.  The forum-selection clause applies expressly to "any lawsuits seeking to . . . vacate an arbitration award."  (Plan [#70-2], at 8; SPD [#70-3], at 9.)  Plaintiff's motion to modify the award must be heard in the Dallas Division pursuant to the forum-selection clause at issue.

B.  **Plaintiff has not identified any exceptional circumstances under the Section 1404(a) analysis warranting denying Defendants' motion to transfer venue.**

Having found the forum-selection clause to be valid, this Court must give it controlling weight in all but the most exceptional of cases.  *Atl. Marine*, 571 U.S. at 59–60.  The only factors this Court considers in evaluating whether to grant Defendants' motion are the public interest factors, not any arguments regarding the inconvenience to the parties.  Again, these factors include (a) the administrative difficulties flowing from court congestion, (b) the local interest in having localized interests decided at home, (c) the familiarity of the forum with the law that will govern the case, and (d) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *In re Volkswagen AG*, 371 F.3d at 203.  Plaintiff has not carried her

9

burden to show that these factors "overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67.

This Court is not aware of any administrative difficulties in the Dallas Division that would impede the progress of this case. Nor does the issue of whether to vacate the arbitral award present a local interest in the San Antonio area. This Court and the Dallas Division are both federal district courts equally familiar with the law governing motions to vacate arbitral awards. Finally, there is no conflict of laws issue pertaining to the requested transfer of venue. Because Plaintiff has not demonstrated that this is one of the exceptional cases warranting the disregard of a valid forum-selection clause, the Court will grant Defendants' motion and transfer Plaintiff's motion to vacate the arbitral award to the Dallas Division for adjudication.

**IT IS THEREFORE ORDERED** that this case is administratively reopened for the limited purpose of issuing this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Untimely Response/Opposition to Defendants' Motion to Transfer Venue [#73] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue [#70] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Pro Se* Motion requesting the Court vacate the arbitral award [#69] is **TRANSFERRED** from the San Antonio Division of the United States District Court for the Western District of Texas to the Dallas Division of the United States District Court for the Northern District of Texas.

**IT IS FURTHER ORDERED** that this Order Granting Defendants' Motion to Transfer Venue applies to all post-arbitration filings, including (a) Plaintiff's Motion to Reopen Plaintiff's Case and Nullify and Strike Summary Judgment and Final Award by Honorable Carlos G. Lopez

(Arbitrator), (b) Plaintiff's Motion for Additional Time to Find New Counsel to Represent Plaintiff and Her Case, and (c) Plaintiff's Motion to Compel Court to Strike Request for Relief from Plaintiff's Previous Counsel and to Appear Before this Court, all of which are contained in Motion #69.

**IT IS FINALLY ORDERED** that this case otherwise remains **ADMINISTRATIVELY CLOSED**.

SIGNED this 20th day of September, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE