IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AHLAM TRMANINI, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2105-E-BN |
| ROSS STORES, INC. and ROSS DRESS FOR LESS #1771, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States District Court for the Western District of Texas administratively reopened this administratively closed case, filed by a *pro se* plaintiff, for the limited purpose of granting Defendants' Motion to Transfer Venue and thereby transferred this lawsuit to the Dallas Division of this district. *See Trmanini v. Ross Stores, Inc.*, SA-21-CV-00044-JKP, 2023 WL 6150786 (W.D. Tex. Sept. 20, 2023) [Dkt. No. 75].

After its transfer, United States District Judge Ada Brown referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Upon a review of the docket, the undersigned then observed that, while two motions were pending – Plaintiff Ahlam Trmanini's motions to seek additional legal counsel [Dkt. No. 69] and to reinstate counsel [Dkt. No. 79] – both would be best addressed in the larger context of Trmanini's request to vacate an arbitral award.

The undersigned therefore entered an order on January 9, 2024 that (1) stayed

"consideration of the pending motions" until they could be "address[ed] in that larger context, through findings of fact, conclusions of law, and a recommendation to Judge Brown" and (2) continued the administrative closure of this case under the Western District of Texas's prior order. Dkt. No. 81.

On November 8, 2024, the Court reopened this administratively closed case. *See* Dkt. No. 83.

And undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion to vacate an arbitral award, deny the related requests to appoint counsel, and dismiss this matter with prejudice.

**Applicable Background**

The Western District of Texas set out this background in its September 20 order:

> This case arose out of an alleged injury sustained by Plaintiff during her employment with Defendants. Plaintiff's Amended Complaint [#19] alleged that she tripped on a broken purse, which had been taken apart and negligently placed in the walkway by another employee, and sustained bodily injuries. Plaintiff asserted various theories of negligence against Defendants, seeking damages for her medical care and physical pain and suffering. Defendants moved to compel arbitration based on a mandatory arbitration policy. Plaintiff ultimately withdrew her opposition to arbitration, and this Court granted Defendants' motion and compelled the parties to proceed before an arbitrator on January 24, 2022. (Order [#60].) The District Court subsequently administratively closed this case. (Order [#63].)
> Plaintiff filed a demand for arbitration on January 26, 2022. (Status Report [#62].) On February 14, 2023, approximately one year later, Plaintiff's attorneys moved to withdraw their representation, with Plaintiff's consent. (Status Report [#67].) The arbitrator granted the motion, and Plaintiff proceeded *pro se* for the remainder of the arbitration. On June 1, 2023, the arbitrator issued a summary judgment and final award in favor of Defendants, ordering all relief requested by Plaintiff be denied. The basis of the judgment was Plaintiff's failure to

> file a demand for arbitration within the two-year statute of limitations governing her negligence claims. (Summ. J. [#70-4].) Additionally, Plaintiff never filed a response to Defendants' motion for summary judgment. (*Id.*) The arbitrator found Plaintiff's claims to be time-barred. (*Id.*)
>
> Defendants filed a final status report with the Court regarding the summary judgment on June 13, 2023. (Status Report [#68].) In response to the filing, Plaintiff, still proceeding *pro se*, filed a motion [#69], titled as follows: (a) Plaintiff's Motion to Reopen Plaintiff's Case and Nullify and Strike Summary Judgment and Final Award by Honorable Carlos G. Lopez (Arbitrator), (b) Plaintiff's Motion for Additional Time to Find New Counsel to Represent Plaintiff and Her Case, and (c) Plaintiff's Motion to Compel Court to Strike Request for Relief from Plaintiff's Previous Counsel and to Appear Before this Court.
>
> The Court construe[d] this filing [#69] as a motion to vacate an arbitral award. Defendants then filed the motion to transfer venue [#70] …. By their motion, Defendants argue[d] Plaintiff's motion to vacate the arbitral award should be transferred to the Dallas Division under 28 U.S.C. § 1404(a) in accordance with a forum-selection clause contained in the underlying arbitration policy. The Court [then] administratively reopen[ed] this case for the limited purpose of resolving Defendants' motion to transfer venue [and granted that motion].

*Trmanini*, 2023 WL 6150786, at \*1-\*2.

And, so, the undersigned will now take up the Trmanini's construed request to vacate an arbitral award and attendant requests for court-appointed counsel.

## Discussion

Under the Federal Arbitration Act ("FAA"), "a reviewing court must confirm an arbitration award unless grounds exist to vacate, modify, or correct its terms." *Walker v. Ameriprise Fin. Servs., Inc.*, No. 3:18-cv-1675-M, 2018 WL 10560518, at \*2 (N.D. Tex. Nov. 29, 2018) (citing 9 U.S.C. § 9).

And "[a] court may only vacate an arbitration award" for a statutory ground set out in 9 U.S.C. § 10(a)(1)-(4). *Id.* (citing *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) ("[T]he statutory language means what it says: 'courts

must confirm the award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title,' and there's nothing malleable about 'must.' Thus from this point forward, arbitration awards under the FAA may be vacated only for reasons provided in § 10." (cleaned up; quoting *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)))).

These grounds are limited to:

- where the award was procured by corruption, fraud, or undue means;

- where there was evident partiality or corruption in the arbitrators, or either of them;

- where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

- where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

And "[c]ourts are not to conduct a review of the merits of an arbitrator's decision." *Walker*, 2018 WL 10560518, at *2 (citations omitted).

And, so, "[j]udicial review of an arbitration award is exceedingly deferential," and "[t]he party seeking to vacate an arbitration award [also] has the burden of proof, and the court must resolve any doubts or uncertainties in favor of upholding the award." *Id.* at *3 (cleaned up).

Against this demanding standard, the undersigned has reviewed Trmanini's construed motion to vacate an arbitral award, through which Trmanini essentially requests that the Court review the merits of the arbitrator's decision and fails to carry her burden to show a statutory reason to vacate that decision. *See generally* Dkt. No. 69.

The Court should therefore deny the construed motion to vacate and, for the same reasons, deny the requests to appoint counsel [Dkt. Nos. 69 & 79] because, just as Trmanini has not shown grounds to vacate an arbitral award, she has failed to show that exceptional circumstances require the appointment of counsel under 28 U.S.C. § 1915(e)(1) at this time, *see Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam); *Morgan v. Richards*, No. 21-10931, 2023 WL 6121775, at *2 (5th Cir. Sept. 19, 2023) (per curiam).

And the Court should enter a final judgment closing this matter.

## Recommendation

The Court should deny the construed motion to vacate an arbitral award and requests to appoint counsel [Dkt. Nos. 69 & 79] and enter a final judgment dismissing this matter with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE